IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KEVIN BIERWIRTH, § | | |
| PLAINTIFF, § | | |
| § | | |
| V. § | CAUSE NO. A-12-CV-112-LY | |
| § | | |
| BANK OF AMERICA, N.A., AS § | | |
| SUCCESSOR BY MERGER TO BAC § | | |
| HOME LOANS SERVICING, L.P., F/K/A § | | |
| COUNTRYWIDE HOME LOANS § | | |
| SERVICING, L.P., § | | |
| DEFENDANT. § | | |

## ORDER

Before the court is Defendant's Motion to Dismiss, filed February 13, 2012 (Clerk's Doc. No. 4). By its motion, Defendant seeks dismissal of all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's response to the motion was due on February 28, 2012. *See* W.D. Tex. Local R. CV-7(d). To date, Plaintiff has not filed a response to the motion. Thus, pursuant to Local Rule CV-7(d), Defendant's motion may be granted as unopposed if review of the pleadings reveals that Plaintiff has failed to state a claim upon which relief can be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Lone Star Fund V (U.S.), L.P. v. Barclay's Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Cf. John v. La. Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 707-10 (5th Cir. 1985). Having reviewed the motion and the pleadings in this cause, the court finds that the motion to dismiss should be granted.

This is the second lawsuit filed by Plaintiff Kevin Bierwirth seeking to reverse a completed foreclosure sale. *See Bierwirth v. MERS: Mortgage Electronic Registration Systems, Inc., et al.*, 1:11-CV-758-LY (granting Defendants' Motion for Judgment on the Pleadings Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure after receiving no response from Bierwirth). In this

suit, Bierwirth alleges that Defendant lacked authority to proceed with a non-judicial foreclosure sale of property located at 104 Bedrock Drive, Liberty Hill, Texas 78642. The record in this cause reflects that Bierwirth was not a party to the original loan agreements between Defendant and the original borrowers, Christopher J. Krabill and Lori Henk. Bierwirth purportedly purchased the property from Krabill and Henk for $10.00 two months after it was already sold at foreclosure auction. Because Bierwirth was not a party to the underlying loan transaction, he lacks standing to challenge the foreclosure. *See, e.g., Martinez v. JPMorgan Chase Bank, N.A.*, No. SA-09-CV-675-XR, 2010 WL 1780351, at *2 (W.D. Tex. May 3, 2010) ("As a general rule, only the mortgagor or a party who is in privity with the mortgagor has standing to contest the validity of a foreclosure sale pursuant to the mortgagor's deed of trust."). Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Clerk's Doc. No. 4) is **GRANTED**. Plaintiff Kevin Bierwith's claims against Defendant Bank of America, N.A., Successor by Merger to BAC Home Loan Servicing, LP, formerly known as Countrywide Home Loans Servicing are **DISMISSED WITH PREJUDICE.**

SIGNED this _____ day of March, 2012.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE